[No. 15676.   Department One.   March 1, 1920.]

CHURCH MANUFACTURING COMPANY, *Respondent,* v.
A. JOSEPH, *Appellant.*[1]

SALES (127)—ACTIONS FOR PRICE—SET-OFF AND COUNTERCLAIM. In
an action for a balance due for cider delivered, defendant cannot
maintain a counterclaim for failure to deliver all the cider pur-
chased, where he did not furnish the barrels or pay the price as
agreed upon, and there was no evidence of modification of the
contract.

Appeal from a judgment of the superior court for
Grays Harbor county, Sheeks, J., entered July 17,
1919, upon findings in favor of the plaintiff, in an
action on contract, tried to the court. Affirmed.

*A. E. Graham* and *W. H. Abel,* for appellant.

*J. E. Stewart,* for respondent.

MAIN, J.—The purpose of this action is to recover
the balance due for boiled cider, sold and delivered.
The issues were made up by the complaint, the an-
swer and cross-complaint, and reply.   The cause was
tried to the court without a jury, and resulted in find-
ings of fact, conclusions of law and judgment sustain-
ing the plaintiff's right to recover.   From this judg-
ment, the defendant appeals.

The respondent is a corporation, organized under
the laws of this state, with its principal place of busi-
ness at Kennewick.   The appellant is located at Aber-
deen, and is engaged in selling soft drinks to the whole-
sale and retail trade.   On July 13, 1918, the respond-
ent and appellant entered into a written agreement
whereby the respondent agreed to furnish the appel-
lant two hundred barrels of boiled cider at seventy
cents per gallon f. o. b. Kennewick.   The respondent

[1]Reported in 187 Pac. 1090.

agreed to furnish the cider on or before November 30, 1918, and the appellant agreed to accept shipments of the same before that date. The agreement further provided that the appellant should pay the full purchase price of the cider on or before December 1, 1918, whether shipment had been made or not. Under the contract, the appellant was to furnish the barrels and the cider was to be shipped on his orders. Shipments were made from time to time, and on November 30th all the cider had been shipped, except thirty-eight barrels. At that time there was owing to the respondent a considerable sum which was past due, upon the cider which had been shipped upon the appellant's orders. In his cross-complaint, the appellant pleaded that the terms of the contract with reference to the shipment of cider and the paying therefor before December first had been modified by subsequent agreement between the parties. The price of the cider having advanced, he claimed damages for failure in not having supplied the last thirty-eight barrels, in a sum exceeding the balance due for that which he had received. The evidence upon the issue as to whether the contract had been modified was largely in the form of correspondence between the parties. The oral testimony upon the subject was directly conflicting. The trial court made the following finding:

"That the defendant never gave to the plaintiff an unconditional shipping order for the said 38 barrels. That the defendant failed to furnish empty barrels in which the said cider was to be shipped according to the terms of the agreement between the said plaintiff and defendant, and failed and refused to make payment of the purchase price of the said cider as agreed. That the plaintiff observed every item and condition of the said contract as far as it was permitted to do so by the said defendant. That the said defendant breached said contract in failing to furnish barrels according

to their agreement, and in failing and refusing to pay the purchase price of the cider on or before the date agreed. That the time for making payment of said purchase price was never extended by the plaintiff, and that the defendant now owes the plaintiff on the purchase price of said goods the sum of $1,396.48, with interest from the agreed date of payment, to wit: the 1st day of December, 1918.''

This finding, in our opinion, is sustained by the evidence. The correspondence, which was largely prompted by the insistence on the part of the respondent that the appellant pay the balance due for the cider which had been 'shipped, does not evidence an agreement to waive or modify the terms of the original contract.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MITCHELL, JJ., concur.